# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD BAKER and JACK MILLER, on behalf of themselves and all others similarly situated, | : <br> : <br> : Civil Action No. 1:16-CV-00260 <br> : |
| Plaintiffs, | : Judge John E. Jones, III <br> : |
| v. | : Filed Electronically <br> : |
| LIVANOVA PLC, SORIN GROUP DEUTSCHLAND GMBH, and SORIN GROUP USA, INC., | : <br> : <br> : |
| Defendants. | |

---

### LIVANOVA PLC's MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

---

Defendant LivaNova PLC moves to dismiss the First Amended Complaint filed by Plaintiffs, Edward Baker and Jack Miller ("Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. This Court should grant the Motion because:

- LivaNova is not subject to general jurisdiction in Pennsylvania.

- LivaNova is not subject to specific jurisdiction in Pennsylvania.

- LivaNova PLC does not have an "alter ego" relationship with either Sorin Group Deutschland GmbH or Sorin Group USA, Inc. necessary to impute their contacts to LivaNova PLC.

- Plaintiffs have not alleged and cannot allege a valid claim against LivaNova PLC for medical monitoring.

- Plaintiffs' request for declaratory judgment is contrary to Pennsylvania law because it lacks a valid substantive legal basis on which to request a "defect" declaration.

In support of this Motion, LivaNova PLC relies upon and incorporates by reference its Brief Supporting its Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) ("Brief") and the attached declarations of Brian Sheridan, Senior Vice President, General Counsel and Secretary at LivaNova PLC, and Taylor Pollock, Vice President, Corporate Legal Affairs at Sorin Group USA, Inc., which are filed simultaneously.  In further support, LivaNova PLC states:

**A.     Background.**

1.     This is a medical monitoring action arising from the use of Sorin's 3T Heater/Cooler System during open heart surgeries at Wellspan York Hospital ("Wellspan") and Penn State Hershey Medical Center ("Hershey") in the state of Pennsylvania.

2. Plaintiffs allege that "[p]ersonal jurisdiction exists over Defendants, LivaNova PLC and Sorin Group Deutschland Gmbh, in the U.S. due to the general and specific contacts they maintain in the U.S. Defendants maintain those contacts presently and did so at all times material to this action." (Dkt. No. 8 at ¶ 6.)

3. Plaintiffs allege they (and the class) were exposed to nontuberculous mycobacterium ("NTM") through the 3T System at two hospitals, WellSpan and Hershey. Plaintiffs allege that all class members "are currently asymptomatic for NTM infection." (Dkt. No. 8 ¶ 60.) Accordingly, "[c]laims for actual injury from an NTM infection are excluded from the claims brought in this class action." (*Id.*) Plaintiffs also seek a declaration under 28 U.S.C. § 2201 that the 3T System is "defective," and that "Defendants must expeditiously notify the Class of such defects." (*Id*. ¶ 82.)

**B. LivaNova PLC Is Not Subject to General Personal Jurisdiction in Pennsylvania.**

4. Plaintiffs' First Amended Complaint does not provide sufficient allegations that LivaNova PLC has "continuous and systematic" contacts sufficient to render LivaNova PLC "at home" in this District. *See* cases and declarations cited in Brief, Section B. 1.

5. LivaNova PLC is not "at home" in this District because LivaNova PLC is not registered as a foreign entity to transact business in Pennsylvania, is not headquartered in Pennsylvania, and does not maintain any offices, have any

registered agents or employees, pay any taxes, or rent or own any real or personal property in Pennsylvania.  *See* cases cited and declarations in Brief, Section B. 1.

    **C.**    **LivaNova PLC Is Not Subject to Specific Personal Jurisdiction Pennsylvania.**

6.    Plaintiffs' First Amended Complaint does not provide sufficient allegations that LivaNova PLC has directed its activities to this District or that this litigation has arisen from such contacts.  *See* cases cited in Brief, Section B. 2.

7.    LivaNova PLC is not subject to specific personal jurisdiction in this District because it is a holding company that did not design, manufacture, or market the 3T System that is the basis of this litigation.  LivaNova PLC is not the registered manufacturer of the 3T System, and has no contacts with this District related to the sale of the 3T System.  *See* cases and declarations cited in Brief, Section B. 2.

    **D.**    **Sorin Group USA's and Sorin Deutschland's Contacts with Pennsylvania Cannot Be Imputed to LivaNova PLC Because LivaNova PLC Does Not Have an Alter Ego Relationship with Sorin Group USA.**

8.    Plaintiffs' First Amended Complaint does not provide sufficient allegations that LivaNova PLC controls Sorin Group USA or Sorin Group Deutschland "to such a degree that the two corporations operate as a single, amalgamated entity" that justifies imputation of such contacts.  See cases and declarations cited in Brief, Section B. 3.

9. LivaNova PLC does not share commonality of officers, directors or executives with Sorin Group USA or Sorin Group Deutschland.  See cases and declarations cited in Brief, Section B. 3.

10. LivaNova PLC does not employ sales employees for the benefit of Sorin Group USA, Inc. nor does it direct, manage, or facilitate product sales, marketing, or distribution networks of Sorin Group USA or Sorin Group Deutschland.  See cases and declarations cited in Brief, Section B. 3.

11. LivaNova PLC does not exercise of control over day-to-day operations or integration of sales and distribution systems of Sorin Group USA or Sorin Group Deutschland.  See cases and declarations cited in Brief, Section B. 3.

12. There are no other indicia of exclusive control by LivaNova over the daily business operations of Sorin Group USA or Sorin Group Deutschland.  *See* cases and declarations cited in Brief, Section B. 3.

WHEREFORE, Plaintiffs' First Amended Complaint should be dismissed against LivaNova PLC for lack of personal jurisdiction.

**E.   Plaintiffs' Claims For Medical Monitoring and Declaratory Relief Should Be Dismissed Because Plaintiffs Have Not and Cannot Allege a Valid Claim Against LivaNova PLC for Medical Monitoring.**

13. Count I of Plaintiffs' First Amended Complaint attempts to assert a claim for medical monitoring.  Count II of Plaintiffs' First Amended Complaint

seeks a declaration that the 3T System is "defective," and that "Defendants must expeditiously notify the Class of such defects."

14. As set forth more fully in LivaNova's Brief in Support of this Motion, as well as in the Motion to Dismiss and supporting Brief filed by Sorin Group Deutschland GmbH and Sorin Group USA, Inc., Plaintiffs' claims against LivaNova PLC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See* concurrently filed Brief Supporting Sorin Group Deutschland GmbH And Sorin Group USA, Inc.'s Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

15. WHEREFORE, Plaintiffs medical monitoring claims in Count I and request for declaratory judgment in Count II should be dismissed.

## **CONCLUSION**

For the reasons set forth herein and in the accompanying Brief, LivaNova PLC respectfully requests this Court grant the Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), to award taxable costs, and to grant such further relief as the Court deems just.

Dated:  May 20, 2016

                                                   Respectfully submitted,

                                                   s/*Mark Eric Gebauer*
Mark E. Gebauer, Esquire
PA Bar # 79646
Eckert Seamans Cherin & Mellott, LLC
213 Market Street, 8th Floor
Harrisburg, PA  17101
Telephone:  717-237-6052
Facsimile:   717-237-6019
E-mail:  mgebauer@eckertseamans.com

Linda Svitak, Esquire (admitted *pro hac vice*)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN
Telephone:  612-766-1500
Facsimile:   612-766-1600
E-mail:  linda.svitak@faegrebd.com

## **CERTIFICATE OF NON-CONCURRENCE**

The undersigned certifies that counsel for the Plaintiffs was asked via e-mail regarding Plaintiffs' concurrence with Defendant's Motion to Dismiss. No response was received by the time of filing, and given the nature of the Motion, it is assumed Counsel for Plaintiffs does not concur with this Motion.

/s/ Mark E. Gebauer_____
Counsel for Defendants

# CERTIFICATE OF SERVICE

I certify that on this 20th day of May 2016, I served a copy of the **LIVANOVA PLC's MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)** via Electronic filing addressed to the following:

| | |
|---|---|
| Sol H. Weiss, Esquire | William M. Audet, Esquire |
| David S. Senoff, Esquire | Audet & Partners, LLP |
| Melissa Fry Hague, Esquire | 221 Main St., Suite 1460 |
| Paola Pearson, Esquire | San Francisco, CA 94105 |
| Anapol Weiss | Telephone: 415-568-2555 |
| One Logan Square | Facsimile: 415-568-2556 |
| 130 N. 18th Street, Suite 1600 | waudet@audetlaw.com |
| Philadelphia, PA 19103 | |
| Telephone: 215-735-1130 | |
| Facsimile: 215-875-7701 | |
| E-mail: sweiss@anapolweiss.com | |
| E-mail: dsenoff@anapolweiss.com | |
| E-mail: mhague@anapolweiss.com | |
| E-mail: ppearson@anapol weiss. com | |

*Attorneys for Defendants*


                                       s/*Mark Eric Gebauer*