**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD BAKER and JACK MILLER, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>SORIN GROUP USA, INC.<br><br>　　　　　　　Defendant. | CIVIL ACTION<br>CLASS ACTION<br><br>NO.: 1:16-cv-00260-JEJ<br>INITIATED: FEBRUARY 12, 2016 |

**ORDER**

AND NOW, on this 28th day of Jan_____, 2020, upon consideration of the Court's January 28, 2020 hearing to assess the fairness, adequacy and reasonableness of the Class Action Settlement, it is hereby **ORDERED** that Final Approval is **GRANTED**. The Court hereby grants Final Approval of the Class Action Settlement upon finding that the following factors favor settlement:

　　A.　The significant complexity, expense and duration of the litigation;

　　B.　The absence of any Class Member's objection to the settlement;

　　C.　The advanced stage of the proceedings and meaningful discovery completed before the settlement was reached;

　　D.　The likely risks of establishing liability at trial;

  E. The likely risks of establishing damages;

  F. The risks of maintaining the Class Action through trial, particularly in light of Defendant's Petition for Review under Fed. R. Civ. P. 23(f), which was withdrawn in light of the proposed settlement;

  G. The range of reasonableness of the settlement in light of the best possible recovery; and

  H. The value of medical monitoring provided under the settlement in comparison to a possible recovery in light of all the attendant risks of litigation.

WHEREFORE, **IT IS FURTHER ORDERED** that the Court grants Final Approval of the Class Action Settlement upon finding that the following additional factors favor settlement:

A. The maturity of the underlying substantive issues, as measured by the March 29, 2019 Settlement of approximately 75% of the open individual lawsuits brought by persons with NTM infections in the United States, including lawsuits on the dockets in York and Dauphin Counties in Pennsylvania, which resolved liability issues covered by the count for Declaratory Relief;

B. The development of scientific knowledge, the extent of discovery on the merits, and other facts that bear on the ability to assess the probable outcome of a trial on the merits of liability and individual damages;

C. There are no other potential classes or subclasses possessing claims against defendants, as the case covers all patients exposed to defendants' product at two specific hospitals in Pennsylvania;

D. The results achieved by the litigation benefit persons seriously injured by an NTM infection who have settled their claims against defendants and are likely to benefit other claimants; and

E. There were no individual claims under the settlement since injured claimants were excluded by definition from the Class.

_____
Hon. John E. Jones III
U.S. District Court Judge